THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-555-CR




THOMAS EDWARD SHELBY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0914794, HONORABLE HUME COFER, JUDGE


 





PER CURIAM

 A jury found appellant guilty of indecency with a child and assessed punishment,
enhanced by two previous felony convictions, at imprisonment for life. Tex. Penal Code Ann.
§ 21.11 (West 1989). We will affirm. 

 The only point of error is appellant's contention that hearsay testimony was
admitted in violation of Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 1992). This statute
creates an exception to the hearsay rule for a statement made by a child abuse victim describing
the alleged offense, if the person to whom the statement was made was the first adult to whom the
child made such a statement. Art. 38.072, § 2(a). The statute also sets out certain procedural
requisites for the admission of outcry testimony: notice to the defendant; a finding by the trial
court, after a hearing, that the outcry statement is reliable; and the child's availability to testify. 
Art. 38.072, § 2(b). Appellant multifariously complains that the outcry witness in this cause was
not the first person to whom the victim described the offense and that the court failed to conduct
a reliability hearing.

 While it concedes that the district court failed to conduct the hearing called for by
art. 38.072, § 2(b)(2), the State argues that appellant cannot complain of this on appeal because
he did not request a hearing or object to the court's failure to conduct one. We conclude that
appellant adequately preserved the error under the holding in Long v. State, 800 S.W.2d 545
(Tex. Crim. App. 1990). In Long, the Court of Criminal Appeals held that when a hearsay
objection is voiced to outcry testimony, the burden shifts to the State to go forward with a
showing that the testimony is admissible under art. 38.072. Id. at 548. The provisions of the
statute, including the hearing requirement, are mandatory, and must be complied with in order
for a statement to be admissible over a hearsay objection. Id. at 547. The court concluded that
the defendant's general hearsay objection was sufficient to preserve his complaint that the trial
court erred by admitting the outcry statement without first conducting a hearing and finding that
the testimony was reliable. The defendant did not waive his right to appellate review by failing
to specifically cite the statute or to request a hearing in the trial court. Id. at 548.

 In this cause, appellant objected to the outcry testimony on the ground that the
witness was not the first person to whom outcry was made. During the discussion of this
objection by the court and counsel for the parties, it was clear that compliance with art. 38.072
was the issue presented. In light of the holding in Long, we conclude that appellant did not waive
his right to complain of the court's failure to conduct a hearing to determine the reliability of the
outcry statement.

 The district court erred by admitting the outcry testimony without first conducting
a hearing to determine whether it was reliable. (1) As we will explain, however, we are satisfied
beyond a reasonable doubt that the error was harmless. Tex. R. App. P. 81(b).

 The outcry witness was Deborah McDonald, appellant's step-sister. Her testimony
concerning the child's outcry, in its entirety, was as follows:



Q. Has [the complainant] ever made any statement to you concerning whether
Thomas Shelby, the defendant, has touched her in an inappropriate manner?


A. Yes, she did.


Q. Would you tell the jury approximately when it was that she made that
statement to you.


A. I don't remember the month that it was. It was 1990. When she came to
my house -- she was brought to my house like 2:00 a.m. in the morning. 
And about three days after that, she told me that Thomas Shelby had
touched her.


Q. What led up to her telling you about that?


A. Because of the life she was living and the place she had been, I asked her,
had any of her mother's men friends ever tried to fool with her or anything.


Q. And she indicated to you that Thomas Shelby had done so?


A. Yes.


Q. What exactly did she tell you that Thomas Shelby had done to her?


A. She said that he touched her down below, that --


Q. When she said touched her down below, what did you understand that to
mean?


A. Her vagina.


Q. What else did she say?


A. And that he tried to have sex with her.


 . . . .


Q. When [the child] told you about the person who molested her, did you
understood [sic] that person to be the defendant, Thomas Shelby?


A. Yes.



 The complaining witness, who was nine at the time of trial, testified that appellant
touched her on her "tu-tu." With an anatomically correct doll, she indicated that this term refers
to her genitals. The child answered affirmatively when asked by the prosecutor if appellant had
threatened her, but began to cry and did not testify to what appellant said. She also testified that,
in addition to McDonald, she related this incident to "some people at school" and to her aunt.

 The aunt, Alice Lockhart, testified that she spoke to the counselor at the child's
elementary school after she became concerned that "something was wrong with her." The
complainant was called to the counselor's office and, in the presence of the counselor and
Lockhart, she "broke down and started crying." Lockhart testified that the child then told her
"what had happened" and that the "counselor made several phone calls after that and procedures
were started from there."

 Austin police officer John Hardesty testified that he was called to the school and
spoke with the complainant and the counselor. Without objection, Hardesty read from his report
this account of what he was told:



 [The child] told me that she and her mother lived with the suspect Thomas
two years previous, when she was seven, in a house by Oak Springs. She said that
Thomas only stayed with them two months. [She] told me that once when her
mother was out of the house, Thomas had touched her. I asked her where and how
he had touched her and she said he had touched her, "down there," indicating her
genitals, with his hand. I asked her if he touched her when she had her clothes on
or off and she said when they were on. I asked her if Thomas had ever tried
anything else with her at any other time and she said no.



Thelma Turner, a counselor with the police department's victims services division, testified that
the complainant made a videotaped statement. This statement was not admitted in evidence.

 When applying the harmless error rule, a reviewing court should not focus on the
propriety of the outcome of the trial. Instead, it should be concerned with the integrity of the
process leading to the conviction. Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989). 
Among the factors to be considered are: the source of the error; the nature of the error; whether
and to what extent the error was emphasized by the State; the collateral implications of the error;
how much weight a juror would probably place upon the error; and whether declaring the error
harmless would encourage the State to repeat it with impunity. Id. The court may also consider
whether the effect of the error was dissipated by the presence of overwhelming evidence of guilt. 
Id.

 McDonald's outcry testimony was relatively unimportant to the State's case. Her
testimony was undetailed, containing nothing more than the bare fact of appellant's sexual contact
of the child. The fact that the child made an outcry was established through the testimony of other
witnesses, and Hardesty related a similar outcry statement made to him by the child. The child
also testified and repeated the essence of what she told McDonald and Hardesty. We are satisfied
that the State's case would not have been less persuasive without the erroneously admitted
testimony. See Offor v. State, 749 S.W.2d 946 (Tex. App.--Austin 1988, pet. ref'd).

 McDonald's testimony was not given any extra emphasis by the prosecutors during
argument. Further, we do not believe that declaring the error harmless in this cause will
encourage the State to disregard the procedural requirements of art. 38.072 with impunity.

 Having found the erroneous admission of McDonald's hearsay testimony to be
harmless, we overrule appellant's point of error. The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: October 14, 1992

[Do Not Publish]
1. Under the circumstances, we need not decide whether the State established that McDonald
was the first adult to whom outcry was made.